PROB 12
(02/05-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U. S. A. vs. MICHAEL E. TRIMBLE                    Docket Number:  07-cr-00266-MSK-01

### Second Amended Petition for Issuance of Arrest Warrant Due to Violation of Supervised Release

COMES NOW, Kurt Pierpont, probation officer of the court, presenting an official report upon the conduct and attitude of Michael E. Trimble who was placed on supervision by the Honorable J. Thomas Marten sitting in the court at Wichita, Kansas, on the 25th day of September, 1998, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.      The defendant shall participate in an approved program substance abuse, which may include drug/alcohol testing, counseling and inpatient treatment, and share in the costs, based on the ability to pay, at the direction of the U.S. Probation Office.

2.      The defendant shall abstain from the use of alcohol during the term of supervision.

3.      The defendant shall submit to a mental health assessment, follow the recommendations therein, as directed by the U.S. Probation Office. The defendant shall assist in the costs of any treatment, as directed by the U.S. Probation Office, based on the ability to pay.

Note:   Jurisdiction in this matter was transferred from the District of Kansas to the District of Colorado June 14, 2007.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference

PRAYING THAT THE COURT WILL ORDER that the petition filed in this matter, dated July 25, 2007, be amended to include the violations and corrections noted in the attachment to this petition.

### ORDER OF THE COURT

Considered and ordered this 30th day of April, 2009, and ordered filed and made a part of the record in the above case.

I declare under penalty of perjury that the foregoing is true and correct.

s/ Kurt Pierpont

Kurt Pierpont
Senior Probation Officer

/s/ Marcia S. Krieger

Marcia S. Krieger
U.S. District Judge

Place: Denver, Colorado

Date:  April 29, 2009

## ATTACHMENT

On September 28, 2006, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them.  The term of supervised release commenced September 26, 2006.

## 1.     FAILURE TO SUBMIT WRITTEN REPORTS

The defendant failed to submit written reports for the months of May and June 2007, within the first five days of the months of June and July 2007, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On September 28, 2006, the conditions of supervised release were reviewed with the defendant.  At that time, defendant was instructed to submit his written monthly supervision reports within the first five days of the month, for the preceding month's activities.  Defendant's monthly supervision reports for the months of May and June 2007, have not been received by the probation officer as of July 24, 2007.

## 2.     FAILURE TO NOTIFY THE PROBATION OFFICER OF A CHANGE IN RESIDENCE

On or about May 2007, defendant moved from his mother's residence at 9068 Nassau Avenue, Denver, Colorado, and failed to notify the probation officer 10 days prior to the change in residence, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about January 2007, after having domestic violence difficulties with Melody Castro, defendant vacated Ms. Castro's residence and returned to his parents' home at 9068 Nassau Avenue, Denver, Colorado.  After becoming aware of the Arapahoe county arrest warrant, I attempted contacting defendant on several occasions and defendant has failed to return any of my telephone calls.  On May 15, 2007, defendant reported to the probation office and I reiterated to defendant the importance of keeping me apprized at all times of the status of his pending cases, police contacts, residence and employment status. On June 4, 2007, I spoke with defendant's father who told me that he hadn't seen defendant for several days, nor did he know where defendant could be located.  Defendant has failed to report any change of residence to the probation officer and defendant's current residence, employment status, and whereabouts are unknown.

3.      **FAILURE TO PARTICIPATE IN MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

On April 18, May 14, and May 30, 2007, the defendant failed to keep counseling appointments at Colorado Assessment and Treatment Center, the treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On February 21, 2007, defendant was directed to participate in mental health counseling at Colorado Assessment and Treatment Center (CATC).  Correspondence received from CATC reflects defendant failed to appear at required counseling appointments on April 18, May 14, and May 30, 2007.  Defendant was unsuccessfully discharged from CATC May 31, 2007.

4.      **FAILURE TO ABSTAIN FROM THE USE OF ALCOHOL DURING THE COURSE OF SUPERVISION**

Since March 2007, defendant has been (self admittedly) consuming alcohol on a weekly basis, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On or about March 2007, defendant submitted to a mental health evaluation at CATC.  During the course of this evaluation, defendant disclosed to his therapist (David Yingling, MS LPC) that he had been consuming alcohol to the point of intoxication on a weekly basis.  Defendant has a special condition of supervised release which was imposed in the District of Kansas to abstain from the use of alcohol during the course of supervision.  It is noted defendant never disclosed to this officer, the fact that he had been consuming alcohol on a regular basis.

5.      **VIOLATION OF THE LAW:  2ND DEGREE BURGLARY OF A DWELLING**

On or about September 29, 2008, the defendant was convicted of 2nd Degree Burglary of a Dwelling, in violation of Colorado Revised Statute § 18-4-203(1), (2)(a).  This is a class three (3) felony, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On or about February 21, 2007, the defendant was arrested by Denver police and subsequently charged in Denver District Court with 2nd Degree Burglary and Violation of a Protection Order, Docket Number 2007-CR-1149.  This case was related to a domestic violence incident occurring on February 19, 2007, with victim Melody Castro.  On September 29, 2008, the defendant appeared with counsel Don Lozow, and entered a plea of guilty to 2nd Degree Burglary, and the Violation of a Protection Order charge was dismissed on a motion of the district attorney.  On September 29, 2008, the defendant was sentenced to five (5) years custody in the Colorado Department of Corrections to run concurrent with Arapahoe County District Court case numbers 2007-CR-1918 and 2007-CR-1510.  The defendant was credited with 411 days presentence confinement credit and assessed costs of $547.

6.      **VIOLATION OF THE LAW:  ROBBERY–DOMESTIC VIOLENCE**

On or about March 29, 2009, the defendant was convicted of Robbery, in violation of Colorado Revised

Statute § 18-4-301(1).  This is a class four (4) felony, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On or about May 18, 2007, Arapahoe County District Court case number 2007-CR-1510 was filed against the defendant alleging Robbery–Domestic Violence, 3rd Degree Assault, Protection Order Violation, Stalking, and 1st Degree Trespass–Auto With Intent to Steal.  This offense occurred on April 30, 2007, and involved a domestic incident with victim Melody Castro.  On September 25, 2008, the defendant appeared with counsel Brad Lozow, and entered a plea of guilty to Robbery.  On  March 25, 2009, the defendant was sentenced to the Colorado Department of Corrections for five (5) years imprisonment, and assessed costs of $146.  The defendant was credited with 533 days presentence confinement.

### 7.    VIOLATION OF THE LAW:  2ND DEGREE KIDNAPPING AND ATTEMPT TO COMMIT SEXUAL ASSAULT

On or about March 25, 2009, the defendant was convicted of 2nd Degree Kidnapping and Attempt to Commit Sexual Assault, in violation of Colorado Revised Statutes §§ 18-3-302 (1), (3) and 18-3-402 (1) (a).  These are class two (2) and five (5) felonies, respectively, which constitute Grade A violations of supervised release.

These charges are based on the following facts:

On or about June 26, 2007, Arapahoe County District Court case number 2007-CR-1918 was filed against the defendant alleging 2nd Degree Kidnapping, Sexual Assault, 3rd Degree Assault, Protection Order Violation, Violent Crime–Sex Offense, and Attempted Sexual Assault.  This offense occurred on May 27, 2007, and involved a domestic incident with victim Melody Castro.  On March 25, 2009, the defendant appeared with counsel Brad Lozow, and entered pleas of guilty to 2nd Degree Kidnapping and Attempt to Commit Sexual Assault.  The defendant was sentenced to the Colorado Department of Corrections for 10 years imprisonment (suspended) on the Kidnapping charge, and placed on Sex Offender Intensive Supervision Probation for a term of 15 years.  On the Attempt to Commit Sexual Assault charge the defendant was sentenced to the Colorado Department of Corrections for a term of five (5) years imprisonment, concurrent with the Kidnapping charge and consecutive to the sentence imposed in Arapahoe County District Court case number 2007-CR-1510.  Ninety (90) days jail was also imposed as a special condition of probation, as well as $3,170.25 in costs.